A. A. KANNOW & SONS V. FARMERS COOPERATIVE SHIPPING ASSOCIATION.

FILED APRIL 5, 1906. No. 14,222.

1. **Contract: MISNOMER.** The contract upon which suit was brought described the plaintiff as Farmers Cooperative Shipping Association of *Alma, Nebraska*, its true name being Farmers Cooperative Shipping Association. *Held*, That, if a misnomer, it was immaterial under the circumstances, as the record and the circumstances under which the contract was made were conclusive that the defendants knew the corporate body with which they contracted and did business. 1 Thompson, Corporations, sec. 294.

2. **Evidence.** No proof is needed of admitted facts.

3. ——: ACCOUNTS. An expert accountant may testify to the results of an examination and computation of complicated accounts, the books, checks or memoranda making up the account being first introduced in evidence. *Bee Publishing Co. v. World Publishing Co.*, 59 Neb. 713.

ERROR to the district court for Harlan county: ED L. ADAMS, JUDGE. *Affirmed.*

*Starr & Reeder,* for plaintiffs in error.

*John Everson, contra.*

DUFFIE, C.

The Farmers Cooperative Shipping Association, a Kansas corporation, brought suit against A. A. Kannow & Sons, alleging in its petition that the parties entered into a written contract, by the terms of which the defendants were to purchase grain, as agents for the plaintiff, from August 10, 1903, to June 1, 1904; that the grain was to

be purchased and shipped from Alma, Nebraska, and vicinity, under the control and instructions of the plaintiff and at prices fixed from time to time as the occasion demanded; that defendants were to receive one and three-fourths cents a bushel for the grain so bought and shipped; that this employment continued until September 16, 1903, when the same was terminated by the plaintiff, for the reason that the defendants, in violation of their contract and instructions, wrongfully and corruptly paid sums greatly in excess of the amount they were allowed and instructed by plaintiff to pay for wheat; that during the time of the continuance of the agency defendants purchased 8,432 bushels and 19 pounds of wheat which was paid for by checks drawn by the defendants upon the funds of plaintiff in the Harlan County Bank at Alma, Nebraska; that checks have been drawn and paid to the amount of $4,749.52; that defendants have paid out of plaintiff's funds the sum of $373.15 in excess of what they were authorized to pay, making a total of $5,122.67 of plaintiff's money used by the defendants during their employment. It is further alleged that defendants have shipped to the plaintiff 6,919 bushels of wheat, of the value of 3,726.63 and no more, and that they have converted to their own use and refused to deliver to the plaintiff the remainder of the wheat so purchased, and have refused to repay the plaintiff the sum of $373.15 paid out in excess of the amount authorized, all to the plaintiff's damage in the sum of $1,248.48, for which judgment is prayed. The contract of agency is in the following words: "Alma, Nebraska, July 25, 1903. This article of agreement made and entered into the day and year above written by and between the Farmers Cooperative Shipping Association of Alma, Nebraska, and A. A. Kannow & Sons, agree to buy, weigh, receive, store and ship grain for a compensation of one and three-fourths cents per bushel, from the time of the beginning to receive the grain until June 1, 1904. This agreement being made subject to approval of C. B. Hoffman, General Manager,

Enterprise, Kansas. A. A. Kannow, for A. A. Kannow & Sons. Geo. T. Ashby, Pres. F. C. S. A. E. E. Arnold, Secy. F. C. S. A."

The answer of the defendants is quite lengthy and, among other matters, alleges that the petition does not state a cause of action; that there is a defect of parties plaintiff, a defect of parties defendant, a general denial, matters in avoidance, and two counterclaims which the district court directed the jury to disregard. There was a judgment for the plaintiff below for $897.67, and the defendants have taken error to this court.

The first point made in the brief of plaintiff in error is that the action is brought by a Kansas corporation, while the agreement upon which it is based was made by the defendants with a Nebraska corporation. It will be noticed that in the agreement above set out the Farmers Cooperative Shipping Association is described as, "of Alma, Nebraska," while the petition in the case alleges that the association is a Kansas corporation. Nowhere in the answer of the defendants is it alleged that the agreement which it made with the Farmers Cooperative Shipping Association was with a Nebraska corporation, and the only indication that such is the case is that in the agreement the Farmers Cooperative Shipping Association is followed by the words, "of Alma, Nebraska," which was evidently no part of the corporate name and was clearly a mistake of the party drafting the agreement, as the evidence shows, without conflict or contradiction, that the corporation named in the agreement is a Kansas corporation and that such was the understanding of every one having any connection with the case. The answer of the defendants clearly establishes that they were at all times aware that this agreement was with, and what they did under it was for, a Kansas corporation. Why they should attempt a defense excusing their nonperformance of a contract, and seek to enforce a counterclaim against a party with whom no contract was made, is not explained nor is it subject to explanation. The fact that the words,

"of Alma, Nebraska," followed the corporate name of the plaintiff in the action did not change the character of the contract or the legal rights of the parties, as long as no one was misled thereby, and all proceedings had under the contract were with full knowledge of the actual status and location of the corporation plaintiff. It is an undoubted rule that, where an action is brought on a written instrument by one not a party to it, in order to maintain a suit the plaintiff's interest in the instrument must be made to appear affirmatively by proper allegations in the petition. But this rule, we think, has no application to this case, as the party bringing the action was the real party in interest and the party with whom defendants contracted.

Objections were made to the introduction in evidence of certain letters passing between the defendants and C. B. Hoffman, general manager of the plaintiff. The objection was that the letters were not sufficiently identified as coming from the defendants. It appears from the record that an attachment issued in this action and was levied upon certain real estate of the defendants. On a motion made to dissolve the attachment the letters referred to were used as evidence, and were placed in the hands of the court reporter. The attorney for the plaintiff below afterwards secured these letters from the reporter and sent them to Mr. Hoffman at Kansas City, where his deposition was taken and the letters attached as exhibits. This is clearly established. On the trial of this case Mr. Kannow himself testified that the letters turned over to the court reporter on the hearing of the motion to dissolve the attachment were, so far as he knew, all the correspondence that had taken place between his firm and Mr. Hoffman. It thus stands admitted on the record that these letters were sent by Kannow & Sons to Hoffman, and it can hardly be claimed that proof of admitted facts is necessary.

Relating to the character of the grain purchased by Kannow & Sons, it need only be stated that Mr. Kannow's

own testimony shows that it was wet and damp at the time of purchase, that it became moldy, and that some that remained upon his hands after the termination of his agency was worth "not to exceed a half dollar a bushel at top price, and that some of it was not worth over 25 to 35 cents—was not equal to rye."

Objection is also made to the evidence of Mr. Senter, a witness for the plaintiff below, who made a computation from the weigh-checks issued by defendants to those from whom wheat was purchased, and upon which they procured their pay from the Harlan County Bank. These checks were in evidence. They were issued by Kannow & Sons, and contained a statement of the amount of wheat had from the seller, the price paid, the character of the wheat, and other items material to the state of the account between the parties. It is urged that this was usurping the province of the jury who alone had the right to make the computation. Mr. Senter was the auditor of the plaintiff corporation and an expert accountant. He was not allowed to state deductions and inferences of his own judgment, but merely the result of his computation, and we think, under the authorities, that his evidence was admissible and that the court did not err in receiving it. 2 Elliott, Evidence, sec. 1053; *Jordan v. Osgood*, 109 Mass. 457; *Frick v. Kabaker*, 116 Ia. 494.

These are the principal errors relied upon for a reversal of the case. Other matters of minor importance are discussed, but a careful examination of the whole record convinces us that there was no prejudicial error requiring a reversal of the case, and that the verdict of the jury is amply sustained by the evidence and might have been for a larger sum.

We recommend an affirmance of the judgment.

Albert and Jackson, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

Affirmed. ·